VAL THORNTON ISB #6517
4774 Upper Pack River Rd.
Sandpoint, ID 83864
(208) 263-5017 phone
legalworks@norlight.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JOHN F. THORNTON,** | Case No. _____ |
| Plaintiff, | |
| v. | |
| **KENNETH and DEANNA BARRETT, a married couple residing in Oregon, LUKINS & ANNIS, P.S., a Washington Professional Services Corporation, MICHAEL SCHMIDT, an individual residing in Idaho, TERRI BOYD-DAVIS, a married woman residing in Idaho, and acting for the benefit of the marital community, BONNER COUNTY SHERIFF'S DEPARTMENT, a government agency, DARRYL WHEELER, in his capacity as Bonner County Sheriff, SALLY MITCHELL, in her capacity as Bonner County Deputy Sheriff, and LEANNE BANKSON, in her capacity as Bonner County Deputy Sheriff,** | **CIVIL RIGHTS COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendants. | |

**Jury Trial Requested**

PLAINTIFF JOHN F. THORNTON, by and through his undersigned counsel, for cause of action against the above named Defendants, hereby requests trial by jury and complains and alleges as follows:

### I    PARTIES

**1.1.** Plaintiff JOHN F. THORNTON is a married man residing in Bonner County, Idaho;

**1.2.** KENNETH and DEANNA BARRETT are a married couple residing in Michigan;

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF         – Page 1

**1.3.**   LUKINS & ANNIS, P.S., is a Washington Professional Services Corporation.

**1.4.**   MICHAEL SCHMIDT, is an individual residing in Kootenai County, Idaho.

**1.5.**   TERI BOYD-DAVIS is a married woman residing in Kootenai County, Idaho.

**1.6.**   BONNER COUNTY SHERIFF'S OFFICE is a government agency of Bonner County, in the State of Idaho.

**1.7.**   DARRYL WHEELER is an individual acting under color of law as Bonner County Sheriff.

**1.8.**   SALLY MITCHELL is an individual acting under color of law as Bonner County Deputy Sheriff.

**1.9.**   LEANNE BANKSON is an individual acting under color of law as Bonner County Deputy Sheriff.

## I I   JURISDICTION AND VENUE

**2.1.**   Plaintiff brings his cause of action pursuant to Title 42 § 1983 of the United States Code.

**2.2.**   The real property subject of this action is located in Bonner County Idaho.

**2.3.**   The majority of events giving rise to this cause of action occurred in Bonner County or in Kootenai County, Idaho.

**2.4.**    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## I I I   STATEMENT OF FACTS

**3.1.**   On or about November 10, 1992, Kari A. Clark and Mary E. Pandrea Wiltse executed a Quitclaim Deed, recorded November 24, 1992, as Instrument No. 416381, Bonner County records, conveying two small portions of their jointly owned two parcels to Robert L. Wiltse, Sr. and Mary E. Wiltse, hereinafter "the Wiltses,"  which portions are described as "lying Southeasterly of the Centerline of Tavern Creek."  (EXHIBIT ONE)

**3.2.** One of the above referenced portions, hereinafter the "Driveway Piece," borders the Pack River, and contains the driveway to the neighboring parcel. The other portion, hereinafter the "Well Piece," borders Tavern Creek, and contains the well providing water to the residence on the Wiltse parcel, hereinafter the "Homestead Property."

**3.3.** As a result of the conveyance, the well was located on the Homestead Property, the Homestead Property was bordered by the Pack River along one side and by Tavern Creek along another side, Tavern Creek separated the Homestead Property from the parcels jointly owned by Mary Pandrea and Kari Clark, and the Driveway Piece continued to provide access to the neighboring parcel.

**3.4.** On or about August of 1993, Plaintiff rented the Homestead Property.

**3.5.** At the time that Plaintiff rented the Homestead Property, the Wiltses truthfully told Plaintiff that the Homestead Property was bordered by Pack River on one side, by Tavern Creek on the other, and that the well was located on the Homestead Property.

**3.6.** In December of 1993, unbeknownst to Plaintiff, the Wiltses deeded the Well Piece back to Kari A. Clark and Mary E. Pandrea Wiltse, as tenants in common, via Quitclaim Deed dated December 24, 1993, recorded December 27, 1993, Instrument No. 437792, Bonner County records, reserving "the right and use of the existing well." (EXHIBIT TWO)

**3.7.** The conveyance resulted in loss to the Homestead Property of ownership of the well and .12 of an acre, including approximately two hundred and twenty seven feet of creek frontage.

**3.8.** Plaintiff was not informed on this change in the Homestead Property during the more than five years that he continued to rent the Homestead Property.

**3.9.** In 1998 Plaintiff purchased the Homestead Property via Warranty Deed, recorded May 7, 1998, as Instrument No. 525386, Bonner County records, continuing in the information and

belief that his parcel was bordered by Pack River and by Tavern Creek, and that the well providing water to his residence was part of the Homestead Property.

**3.10.** Plaintiff did not realize that the Well Piece was not included in his property description; that description contains no reference to the right to use the water from the well.

**3.11.** In 2011, Mary Pandrea sued Kari Clark in the unrelated matter of Bonner County Case No. CV-2011-835, for partition of their parcels, in the course of which Plaintiff became aware that the easement on his property was claimed to be appurtenant to both of the jointly-owned parcels.

**3.12.** In 2013, Plaintiff had his Homestead Property surveyed, and discovered that the Well Piece had been alienated from Homestead Property, and was omitted from the property description contained in his warranty deed.

**3.13.** Plaintiff subsequently sued Mary Pandrea and Kari Clark for quiet title to the Well Piece, as well as to quiet title to the easement on the Driveway Piece, in the related matter of Bonner County Case No. CV-2013-1334, presently pending on the concurrently filed Notice of Removal to the U. S. District court under Case No. 2:17-cv-00367-DCN.

**3.14.** The matter of the Well Piece was settled out of court.

**3.15.** Kari Clark denied any claim to the Well Piece, and Mary Pandrea quit-claimed her interest in the Well Piece to Plaintiff.

**3.16.** Said settlement corrected an inequity; the Homestead Property was finally the complete parcel that Plaintiff was sold and that he believed he had purchased, bordered on one side by Pack River, and on another side by Tavern Creek, including the well serving the residence.

**3.17.** Kari Clark prevailed against Plaintiff in the matter of the easement, and was awarded a judgment of attorney fees and Rule 11 sanctions against Plaintiff and against his undersigned

attorney, collectively referred to herein as "the Thorntons."

**3.18.** Due to the above referenced Partition Action, the legal description of the Well Piece (that portion of the prior existing parcel lying southeasterly of the centerline of Tavern Creek) was no longer applicable; the creek was surveyed and Plaintiff received a Quitclaim Deed, recorded October 15, 2015, as Instrument No. 881075, Bonner County Records. (EXH. FOUR)

**3.19.** Defendants Barretts substituted for Clark in district court and on appeal, and their attorney Defendant Michael Schmidt of the law firm Defendant Lukins & Annis, P.S., was substituted for Clark's attorney Joel Hazel.

**3.20.** Defendants Barrett, by and through Lukins & Annis, P.S, attorney Michael Schmidt and his paralegal Teri Boyd-Davis, initiated collection proceedings.

**3.21.** Defendant Bonner County Sheriff served several writs of execution upon the Thorntons, however only the first writ of execution was properly served pursuant to I.C. § 8-507, including notice of the right to claim exemptions.

**3.22.** Plaintiff claimed a homestead exemption on his Homestead Property, and Defendants were on notice that his Homestead Property was exempt from collection, within fourteen days of service of the writ of execution on April 2, 2016.

**3.23.** Defendants Barrett did not object to any of Plaintiffs claimed exemptions.

**3.24.** The Thorntons, by and through Defendants Lukins & Annis, P.S., Michael Schmidt, and Teri Boyd-Davis, were served with further writs of execution, however never again received any further I.C. § 8-507(3) notices of exemptions available under federal and state law; any further I.C. § 8-507 (4) instructions to debtors and third parties for asserting a claim of exemption; or any further I.C. § 8-507(5) forms for making a claim of exemption.

**3.25.** Defendants Barretts, by and through Defendants Lukins & Annis, P.S., Michael Schmidt, and Teri Boyd-Davis, subsequently levied against a parcel of real property owned in common by Thorntons, hereinafter the Firehouse Property, which was sold on credit bid of $27,000.00, whereupon the writ of execution was returned unsatisfied.

**3.26.** Defendants Barretts, by and through Defendants Lukins & Annis, P.S., Michael Schmidt, and Teri Boyd-Davis, subsequently obtained a writ of execution in the amount of $17,779.74 alleged to be the remainder still due under the judgment, and levied against Plaintiff's newly recorded interest in the Well Piece.

**3.27.** Defendants Barretts, by and through their attorneys Defendants Lukins & Annis, P.S., Defendant attorney Michael Schmidt, Defendant paralegal Teri Boyd-Davis, and Defendant Bonner County Sheriff's Department, Sheriff Darryl Wheeler, Deputy Sheriff Sally Mitchell, and Deputy Sheriff Leanne Bankson, did not provide notices of the right to exemption, nor the forms and instructions for claiming exemptions, as required by I.C. 8-507(3).

**3.28.** To the best of Plaintiff's knowledge and belief, Barretts were already on notice of his claim of exemption, and were not entitled to greater interest and fees under the writ.

**3.29.** Defendants Barretts, substituting for Kari Clark, were party to the December 1993 conveyance of the Well Piece without notice to Plaintiff as tenant and as subsequent purchaser of Homestead Property, and are estopped from claiming that the Well Piece is not exempt from execution as an inseparable portion of Homestead Property.

**3.30.** Defendant Teri Boyd-Davis, as niece of Kari Clark, sister to the Defendants Barretts, paralegal to Defendant Michael Schmidt in the law firm of Defendant Lukins & Annis, P.S., and assignee of a tenancy in common with the Defendants Barretts in the land apportioned to Kari Clark, has been involved in all the litigation between the various members of her family,

and knows or should have known of the circumstances surrounding the December 1993 conveyance of the Well Piece, and the reconveyance to John Thornton.

3.31. Defendant Michael Schmidt has represented various members of Defendant Teri Boyd-Davis' family over many years, including the Barretts in Bonner County Case No. CV-2013-1334, and knew or should have known of the circumstances surrounding the December 1993 conveyance of the Well Piece.

3.32. Defendants Barretts, by and through Defendants Lukins & Annis, P.S., Michael Schmidt, and Teri Boyd-Davis, further refused tender of the full amount listed on the writ of execution, claimed the right to extort unauthorized additional payment in an undetermined amount, and instructed Defendant Bonner County Deputy Sheriff Leanne Bankson not to accept Plaintiff's tender and to proceed with the sale. (EXH. FIVE)

3.33. Defendants Bonner County Deputy Sheriffs Sally Mitchell and Leanne Bankson, in obedience to instructions of the Barretts, by and through Defendants Lukins & Annis, P.S., Michael Schmidt, and Teri Boyd-Davis, refused Plaintiff's tender of $17,779.74, and proceeded with the sheriff's sale, wherein Barretts acquired the property for their credit bid of $5,000.00.

3.34. The legal description of the property sold did not make any reference or exclusion of the right to draw water from the well, which was a perfected homestead interest prior to Barretts' lien, and title to which is now clouded.

3.35. The Well Piece constitutes a thin long triangle about forty feet at the widest point, with waterfalls running down approximately two hundred and twenty-seven feet of creek frontage.

3.36. The Well Piece is surrounded by Homestead Property, unbuildable, with no independent access or value separate from Homestead Property.

**3.37.** Defendants Barrett, by and through Defendants Lukins & Annis, P.S., Michael Schmidt, and Teri Boyd-Davis, elected to bid on Plaintiff's Homestead Property that is of no use to them, and is inaccessible to them, rather than to accept Plaintiff's tender of a cashier's check for the full amount on the writ of $17,779.74.

**3.38.** Defendants Barrett and Teri Boyd-Davis have actual malice toward Plaintiff, and deliberately acted against their own interests in taking Plaintiff's property rather than accepting his tender of payment, in order to cause Plaintiff the greatest amount of distress.

**3.39.** Defendant Bonner County Sheriff Darryl Wheeler had actual or constructive knowledge that Deputy Sheriff Sally Mitchell, and Deputy Sheriff Leanne Bankson, were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff.

**3.40.** Defendant Bonner County Sheriff Darryl Wheeler's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the aforesaid conduct.

## I V     CLAIM FOR DAMAGES

**4.1.** Paragraphs 1.1 through 3.38 are realleged herein as if set forth in full.

**4.2.** Defendant Teri Boyd-Davis, and Defendants Barretts, by and through their attorneys Defendants Lukins & Annis, P.S., Defendant attorney Michael Schmidt, Defendant paralegal Teri Boyd-Davis, and Defendant Bonner County Sheriff's Department, Sheriff Darryl Wheeler, Deputy Sheriff Sally Mitchell, and Deputy Sheriff Leanne Bankson, acted under color of law, with malice and with deliberate indifference to Plaintiff's constitutional rights.

**4.3.** Defendant Bonner County Sheriff's Department is liable to Plaintiff for its failure to supervise or properly train its Sheriff and Deputies regarding the legal limits and the proper

procedures concerning writs of execution, operation of sheriff's sales, and regarding the constitutional and statutory rights of judgment debtors, including the right to exempt homestead property and to pay the amount of the writ.

**4.4.** Defendants Barretts, Lukins & Annis, P.S., Michael Schmidt, Teri Boyd-Davis, Bonner County Sheriff's Department, Sheriff Darryl Wheeler, Deputy Sheriff Sally Mitchell, and Deputy Sheriff Leanne Bankson, are jointly and severally liable to Plaintiff for his damages resulting from their reckless and deliberately indifferent actions under color of law to wrongfully deprive Plaintiff of the Well Piece, an inseparable part of his Homestead Property, in an amount to be determined at trial.

**4.5.** The loss of the Well Piece not only alienates Homestead Property from its well and from its waterfall, but also mars the quiet peace and enjoyment of the most private and beautiful portion of Homestead Property.

**4.6.** To the best of Plaintiff's knowledge and belief, the cost of drilling a well at his location would be more than $30,000.00, and the loss of creek frontage to his property description and value would be more than $50,000.00.

**4.7.** Plaintiff estimates the loss of his peace and enjoyment of the most beautiful and private portion of his Homestead Property in an amount in excess of $100,000.00.

**WHEREFORE IT IS PRAYED**,

THAT the Court declare the Well Piece to be an inseparable part of Plaintiff's exempt homestead property and that the Court order that Barretts restore Plaintiff in his possession of the said Well Piece;

OR THAT the Court award Plaintiff compensatory damages and costs and attorney fees jointly and severally against all Defendants, for the loss of the Well Piece portion of his

Homestead Property, in an amount to be determined at trial, or in the event of default judgment, in the amount of $180,000.00.

THAT the Court award Plaintiff punitive damages against Defendants Barretts and Teri Boyd-Davis, in an amount to be determined at trial;

AND FOR the Court to award Plaintiff attorney fees and costs for the expense of bringing this action.

DATED this 24th day of April, 2018.

_____/ s /_____
Val Thornton, Attorney for Plaintiff