UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN F. THORNTON,<br><br>    Plaintiff<br><br>    v.<br><br>KENNETH J. and DEANNA L. BARRETT, a married couple residing in Michigan, LUKINS & ANNIS, P.S., a Washington Professional Services Corporation, MICHAEL SCHMIDT, an individual residing in Idaho, TERRI BOYD-DAVIS, a married woman residing in Idaho, BONNER COUNTY SHERIFF'S DEPARTMENT,  a governmental agency, DARYL WHEELER, in his capacity as Bonner County Sheriff, SALLY MITCHELL, in her capacity as Bonner County Deputy Sheriff, and LEANNE BANKSON, in her capacity as Bonner County Deputy Sheriff,<br><br>    Defendants. | Case No. 2:18-cv-00182-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On March 27, 2019, this Court issued its *Memorandum Decision and Order* (Dkt. 24) wherein it ordered that Defendants Kenneth and Deanna Barrett (hereinafter the "Barretts") and Defendants Bonner County Sheriff's Department, Daryl Wheeler, Sally Mitchell and Leanne Bankson (hereinafter "State Defendants") are entitled to an award of attorneys' fees and costs under Idaho Code section 12-121.

MEMORANDUM DECISION AND ORDER - 1

On April 15, 2019, the Barretts filed their "Motion and Memorandum in Support of Award of Costs and Attorney Fees," requesting $11,147.25 in attorneys' fees incurred in obtaining a dismissal of this action. Dkt. 25. On April 26, 2019, the State Defendants filed their "Motion for Prevailing Party Attorneys' Fees," seeking $11,687.00 in fees. Dkt. 26. Plaintiff John F. Thornton ("Mr. Thornton") objected in part to both motions. Dkt. 28; Dkt. 29. In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions on the record without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54 governs the award of attorneys' fees and provides as follows:

(A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2) (italics in original).

After determining that a basis exists for a proper award of attorney fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Generally, the Court utilizes the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*; *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977 (9th Cir. 2008). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147-48 (9th Cir. 2001).

Under the Idaho Code section 12-121, a court "may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation."[1] Although attorney fees under section 12-121 are not awarded as a matter of right, it is not a complicated inquiry. Ultimately, if the court, "in its discretion, is left with the abiding belief that [a] case was brought, pursued, or defended frivolously, unreasonably, or

---

[1] Idaho Code Section 12-121 is procedural, and deals with "the inherent right of courts to control, when circumstances demand, vexatious practices before them. . . . Thus in Federal courts, fees, in those rare situations where the circumstances or actions of parties so demand, may be awarded as a matter of federal law." *In re Matter of Comstock*, 16 B.R. 206, 209-210 (D. Idaho 1981).

MEMORANDUM DECISION AND ORDER - 3

without foundation," then the court should award attorneys' fees. *Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009). The Court has already determined that Mr. Thornton pursued this case frivolously, unreasonably, and without foundation (s*ee* Dkt. 24, at 37) and that the Barretts and the State Defendants are entitled to attorneys' fee awards against Mr. Thornton. Accordingly, for purposes of the instant order, the only issue is the appropriate amount of defendants' respective awards.

### III.  ANALYSIS

**A.  Barretts' Motion for Attorney Fees**

The Barretts request that they be awarded attorneys' fees and costs in the total amount of $11,147.25. This amount represents 41.55 total hours of work billed at an hourly rate of $295 for attorney Henry E. Stiles, $265 for attorney Michael G. Schmidt, and $145 for paralegal Janet K. MacFarlane. Dkt. 25, at 4. The Barretts included their attorneys' itemized bill for the work performed on this case as Exhibit A to their Motion. Dkt. 25, Ex. A.

Although Mr. Thornton does not challenge the rates of the Barretts' attorneys or paralegal, Mr. Thornton objects to multiple itemizations on the bill that purportedly do not represent time spent obtaining a dismissal on behalf of the Barretts. Dkt. 28. Mr. Thornton requests that the fee award to the Barretts be reduced in the amounts that were not spent "obtaining a dismissal on behalf of the Barretts," and suggests the total amount awarded should be no more than $7,504.80. Dkt. 28, at 3.

In the absence of any cited authority, Mr. Thornton's position appears to be entirely based on the sentence in the Court's Order stating, "[t]he Barretts and the State

Defendants shall file a short motion and memorandum, not to exceed 8 pages each, and supporting documents explaining the amount of fees requested and how such fees were incurred in obtaining dismissal of the case." Dkt. 24, at 38. However, the Court awarded fees pursuant to Idaho Code section 12-121 because the entire case was frivolous, unreasonable and without foundation. *Id*. at 36-37. Idaho Code section 12-121 "applies to the case as a whole." *Seiniger Law Office, P.A. v. North Pacific Ins. Co*., 178 P.3d 606, 616 (Idaho 2008) (citing *Walker v. Boozer*, 95 P.3d 69, 75 (Idaho 2004)). The Barretts are entitled to recover the fees they incurred as a result of having to defend against Mr. Thornton's frivolous suit in the aggregate, not just at the Motion to Dismiss stage.

The Barretts' attorneys' firm, Lukins & Annis, however, is not entitled to recover for fees *it* incurred in obtaining insurance coverage because Mr. Thornton named Lukins & Annis and attorney Michael Schmidt as defendants in this suit. Lukins & Annis admitted as much in its Motion to Dismiss Mr. Thornton's Complaint. Dkt. 13, at 3 and n. 2 (stating the Lukins & Annis Defendants "do not seek an award of attorney fees" since to do so "may constitute a conflict of interest under I.R.P.C Rule 1.7 because the interest in collecting an award of fees where Plaintiff appears to have inadequate funds to pay the award may run counter to the Barretts' interest"). As Mr. Thornton points out, a number of the itemizations in Exhibit A include time the Barretts' attorneys spent submitting Mr. Thornton's claim against the firm and Mr. Schmidt to Lukins & Annis's insurance carrier. Out of an abundance of caution, the Court will strike entries which appear entirely related to obtaining insurance coverage for the Lukins & Annis

Defendants.[2] Such entries include the following entries by Mr. Stiles:

- .35 hour for "TCW's MGS re new lawsuit filed by Val Thornton insurance coverage, ALAS reporting requirements & plans" on May 2, 2018;

- 2.2 hours for "continue work on draft of report to ALAS" and "tcw ALAS claims attorney re plans to submit new claim report" on May 10, 2018;

- .15 hour for "Message to MAM re draft ALAS report" and "email approval from MAM" on May 16, 2018;

- .95 hour for "Email Claims Report to ALAS counsel with comments, recommendations," and "exchange emails with ALAS re conference plans" on May 17, 2018;

- .25 hour for "Tcw ALAS Claims Counsel Lesley Smith re report, recommendations approval" and "email MAM, MGS re conversation, agreement and recommendations" on May 18, 2018; and

- .35 hour for "status summary email to ALAS" on July 10, 2018.

Dkt. 25, Ex. A.

---

[2] Even if it is Lukins & Annis practice to bill its clients for time spent obtaining insurance coverage for the firm when the firm and/or its attorneys are named as parties in a suit, the purpose of an attorney fee award is to furnish the prevailing party a fund from which to pay a *reasonable* fee. *Treasure Valley Plumbing and Heating, Inc v. Earth Resources Co., Inc.*, 766 P.2d 1254, 1261 (Idaho Ct. App. 1988). "This fund may not correspond precisely to the prevailing party's *actual* obligation to his lawyer." *Id*. As such, certain costs, such as the billing practices of attorneys "are not directly relevant to the ascertainment of a reasonable fee award." *Id.*; *see also Hensley*, 461 U.S. at 433.

In addition, Mr. Stiles' entry on July 2, 2018 is for 1.0 hour but the time detailed therein only adds up to .75 of an hour. The Court adjusts the award by an additional .25 to account for this error. *Id*.

In sum, the attorney's fee award to the Barretts is reduced by $1,327.50 (4.5 hours at Mr. Stiles' hourly rate of $295.00). The total fee award to the Barretts is accordingly $9,819.75.[3]

### B. State Defendants' Motion for Attorney Fees

The State Defendants seek a total of $11,687.00 in attorney's fees and costs for 75.4 hours at Attorney D. Colton Boyles' hourly rate of $155.00. Dkt. 27-1. Mr. Thornton objects to the fee request because: (1) it seeks fees against Mr. Thornton's wife and attorney, Val Thornton, who was not a party to this suit and against whom the Court did not award fees; (2) some of the time appears excessive; and (3) certain itemizations include charges for time that does not appear to have been incurred in obtaining a dismissal of the matter. The Court rejects the third contention for the same reason it rejects this argument with respect to the Barretts' Motion for Attorney Fees. As mentioned, Idaho Code section 12-121 "applies to the case as a whole," and the State Defendants are entitled to recover not just the fees they incurred in obtaining a dismissal,

---

[3] Although Mr. Thornton challenges other aspects of the Barretts' itemization, the Court finds such entries do not clearly delineate time solely related to Lukins & Annis's insurance coverage, and instead appear to be for time spent defending this suit. The Court similarly rejects Mr. Thornton's claim that any work involving Defendant Terri Boyd-Davis or the State Defendants should be discounted. The Court finds the Barretts' attorneys' communications with both Boyd-Davis and the State Defendants were a necessary aspect of defending against Mr. Thornton's suit.

but also the fees they incurred as a result of having to defend against Mr. Thornton's frivolous suit. *Seiniger Law Office,* 178 P.3d at 616.

However, Mr. Thornton is correct that the Court's fee award was not against Mrs. Thornton. Although both the State Defendants and the Barretts requested that an attorneys' fee award be made against Mrs. Thornton pursuant to 28 U.S.C. § 1927, the Court rejected this contention and instead awarded fees under Idaho Code section 12-121 for the instant frivolous suit. Dkt. 24, at 35-38. The Court's fee award to both the Barretts and the State Defendants is solely against Mr. Thornton, the only plaintiff in this action.

Finally, while Mr. Thornton does not challenge Mr. Boyles' hourly rate, he contends the 25.8 hours Mr. Boyles spent drafting the State Defendants' Motion to Dismiss and 31.6 hours Mr. Boyles spent analyzing his opposition and drafting the State Defendants' reply is excessive. Mr. Thornton suggests the Court should exercise its discretion to reduce the 57.4 hours total Mr. Boyles spent on the aforementioned briefs to 30 hours. The Court does not find such adjustment appropriate. As the State Defendants note, this matter was difficult because the constitutional arguments raised by Mr. Thornton were novel and involved a complicated set of underlying facts wholly unknown to the State Defendants, including prior state and federal proceedings involving Mr. Thornton and the Barretts, and a nearly twenty-year dispute between Mr. Thornton and his neighbors (relatives of the Barretts).

Moreover, Mr. Boyles appears to have been the sole attorney working on the

dispute.[4] In light of the novel basis for Mr. Thornton's claim, the lengthy and complicated history of this case (a matter the Court itself spent a substantial amount of time unwinding) and Mr. Boyles' sole responsibility for defending this action against the State Defendants, the Court finds the time expended on this suit was reasonable. The State Defendants are accordingly entitled to the total $11,687.00 from Mr. Thornton in fees they request.

## IV. ORDER

**IT IS ORDERED**:

1. The Barretts' Motion for Attorney Fees (Dkt. 25) is GRANTED;

2. The Court hereby awards the Barretts a total of $9,819.75 against Mr. Thornton;

3. The State Defendants' Motion for Attorney Fees (Dkt. 26) is GRANTED;

4. The Court hereby awards the State Defendants a total of $11,687.00 against Mr. Thornton;

5. Mr. Thornton has 30 days to comply with this order.

DATED: August 16, 2019

David C. Nye
Chief U.S. District Court Judge

---

[4] The Court notes Mr. Boyles also charged an hourly rate of $155.00, nearly half as much as that charged by Mr. Stiles, and Mr. Thornton did not object to Mr. Stiles hourly rate of $295.00 as unreasonable.